# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| VINCENT LEE SMITH, | ) | |
| Plaintiff, | ) | |
| v. | ) | CAUSE NO.: 1:17-CV-431-TLS |
| DAVID GLADIEUX, *et al.*, | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

On October 13, 2017, Vincent Lee Smith, a pro se prisoner, filed a Complaint [ECF No. 1] against Sheriff David Gladieux, the Allen County Jail, and confinement officer F. Barnett. The Plaintiff was granted leave to proceed in forma pauperis on November 3, 2017 [ECF No. 4].

A document filed pro se is to be liberally construed, and "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, this Court must review the Complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that [the] defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In this case, the Plaintiff alleges that he slipped and fell due to water on the floor on June 8, 2017. At that time, the Plaintiff claims he could not walk and he requested a wheelchair to go to the medical unit. Officer Barnett was alerted immediately but told the Plaintiff that if he wanted to go to the medical unit, he needed to walk. The Plaintiff maintains that he was left on

the floor for two hours. He states that a nurse then arrived and only took his blood pressure and temperature. As of the date the Complaint was filed, the Plaintiff asserts that he has continued to suffer back pain due to this fall.

The Plaintiff alleges a claim of deliberate indifference to serious medical needs against all of the Defendants. Under the Fourteenth Amendment, pretrial detainees are entitled to adequate medical care. *Brown v. Budz*, 398 F.3d 904, 910 (7th Cir. 2005). To establish liability, a detainee must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the Defendant(s) acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Smego v. Jumper*, 707 F. App'x 411, 412 (7th Cir. 2017). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the Defendant(s) "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005).

Notably, the Defendant does not allege that Sheriff David Gladieux was personally involved in ignoring the request for medical attention and "§ 1983 lawsuits against individuals require personal involvement in the alleged constitutional deprivation to support a viable claim." *Palmer v. Marion Cty.*, 327 F.3d 588, 594 (7th Cir. 2003). Moreover, the Allen County Jail is not a proper Defendant. Although the Allen County Jail is where these events occurred, the jail is a building, not a person or even a policy-making unit of government that can be sued pursuant to 42 U.S.C. § 1983. *See Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011).

However, the Plaintiff plausibly alleges a claim of deliberate indifference to his serious medical needs against Officer F. Barnett.

For these reasons, the Court:

(1) GRANTS Vincent Lee Smith leave to proceed only on his claim against F. Barnett in his individual capacity for money damages for ignoring requests for medical attention on June 8, 2017, in violation of the Fourteenth Amendment;

(2) DISMISSES Sheriff David Gladieux and the Allen County Jail;

(3) DIRECTS the Clerk of Court and the United States Marshals Service to issue and serve process on F. Barnett at the Allen County Jail with a copy of this Order and the Complaint [ECF No. 1] as required by 28 U.S.C. § 1915(d); and

(4) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that F. Barnett respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10.1, only to the claim for which Vincent Lee Smith has been granted leave to proceed in this screening Order.

SO ORDERED on April 17, 2018.

        s/ Theresa L. Springmann
        CHIEF JUDGE THERESA L. SPRINGMANN
        UNITED STATES DISTRICT COURT